Filed 6/18/26  P. v. Madden CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B345173 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. XNOMA081588) |
| v. | |
| JAMAAL TYREE MADDEN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert G. Chu, Judge. Affirmed with directions.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant and appellant Jamaal Tyree Madden appeals a judgment resentencing him after we affirmed his criminal convictions but reversed his sentence. On appeal, Madden contends the trial court erroneously denied his request to continue the resentencing hearing. We affirm the judgment but order the superior court to modify the abstract of judgment to correct clerical errors.

## BACKGROUND

We recite only those facts necessary to support our conclusion. The detailed facts are contained in our 2024 opinion, *People v. Madden* (Dec. 5, 2024, B328978) (nonpub. opn.) (*Madden I*).

In June 2021, Madden took part in a street race that ended in a fatal car crash. A jury convicted Madden of two counts of second degree murder (Pen. Code,[1] § 187, subd. (a); counts 1 & 2), one count of hit and run driving resulting in death or serious injury (Veh. Code, § 20001, subd. (b)(2); count 3), and one count of driving a motor vehicle without a valid driver's license (Veh. Code, § 12500, subd. (a); count 5).

Before Madden's sentencing hearing on February 28, 2023, the trial court gave him the following admonition: "Mr. Madden, I just want to give you a warning right now. You have been a refusal a number of times in this courtroom during the trial. If you refuse to come to court on the 28th, I am just going to sentence you without you here and find that you are voluntarily absenting yourself from the sentencing proceeding."

On February 28, 2023, Madden appeared, but after several victim impact statements, Madden notified the trial court he wanted to excuse himself from the proceedings, causing a confrontation with the victims' families. After the court ordered

---

[1] Undesignated statutory references are to the Penal Code.

Madden to stay and called the next person for their impact statement, Madden responded, "What you mean next person? I just said I'm done, fuck." After the court again ordered Madden to remain, he responded, "What, so you can tell me I got 30 years? Bro, I don't want to sit right here for that. Bro, I already know what's going on. The fuck I sit right here for?" The court then excused Madden and imposed 15-year-to-life sentences on counts 1 and 2, an upper term four-year sentence on count 3, and a six-month sentence on count 5, all of which ran consecutively.

On appeal, we held the trial court erroneously relied on unproved aggravation factors when selecting the upper term sentence for the determinative term, and we reversed and remanded for resentencing. (*Madden I*, *supra*, B328978.) We affirmed in all other respects. (*Ibid.*)

Madden's resentencing hearing was scheduled for January 30, 2025. That same day, Madden's attorney filed a section 1050 motion to continue the hearing. Counsel stated a continuance was necessary because he had not yet met with Madden to discuss Madden's legal options. He further represented that upon meeting with Madden he would recommend seeking a continuance so he could prepare a mitigation report using a mitigation expert.

Madden, however, refused to appear at the January 30, 2025 hearing, and the trial court denied the motion to continue. The court noted that at Madden's initial sentencing hearing, Madden excused himself and caused a confrontation with the victims' families. The court also noted it had previously admonished Madden that if he refused to attend his sentencing hearing, the court would sentence Madden in his absence.

The trial court's oral pronouncement states 15-year-to-life sentences on counts 1 and 2, a midterm three-year sentence on count 3, and a six-month sentence on count 5, again running

consecutively. We note clerical errors in the abstract of judgment's attachment page CR-290(A), which lists the determinate terms separately. Section 1 of the attachment page incorrectly shows a three-month determinate sentence for count 3, instead of three years. Section 4 incorrectly shows a total of four years for that page, instead of three years.

Madden timely appealed. (See § 1237, subd. (a); Cal. Rules of Court, rule 8.308(a).)

## DISCUSSION

Madden makes two arguments on appeal: (1) the trial court abused its discretion in denying Madden's continuance request, thereby depriving him of his rights to counsel and due process; and (2) the court's denial of his continuance request effectively denied him his right to a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to preserve youth-related mitigation evidence for a future youth offender parole hearing. We reject both contentions.

## I.      The Trial Court Did Not Abuse Its Discretion in Denying the Continuance Motion

Section 1050, subdivision (e) provides that continuances "shall be granted only upon a showing of good cause." The decision to grant a continuance lies within the sound discretion of the trial court. (*People v. Beames* (2007) 40 Cal.4th 907, 920.) There is no mechanical test for determining whether that discretion has been abused. Rather, we consider the totality of the circumstances in the case to determine whether the denial of a continuance was so arbitrary as to deny due process. (*Id.* at pp. 920–921.) "The party challenging a ruling on a continuance bears the burden of establishing an abuse of discretion, and an order denying a continuance is seldom successfully attacked." (*Id.* at p. 920.)

4

We find no abuse of discretion here. In the continuance motion, Madden's attorney stated a continuance was necessary for him to meet with Madden and to discuss Madden's legal options, including potentially preparing a mitigation report using a mitigation expert. Madden, however, was unable to meet with his attorney only because Madden refused to attend the resentencing hearing. Importantly, this was not the first time Madden refused to come to court. As noted by the trial court, Madden repeatedly absented himself from trial, which caused the court to admonish Madden before his initial sentencing that if he refused to come to the hearing, the court would sentence Madden in his absence. Although Madden did attend his initial sentencing hearing, he excused himself midway through the proceedings. Under these circumstances, the court acted within its discretion in denying Madden's continuance request. (See *People v. Jenkins* (2000) 22 Cal.4th 900, 1037 ["When . . . the asserted need for continuance is caused by the defendant's persistent failure in the period leading up to the penalty phase to cooperate with counsel[,] '. . . the denial of a continuance [is] neither arbitrary nor a violation of due process' " (first brackets added)].)

Madden argues that although the trial court may have been justified in sentencing him in his absence, the court impaired his fundamental rights to counsel and due process by preventing him from consulting with his attorney to develop a sentencing strategy. The cases Madden cite for this argument are distinguishable.

Madden primarily relies on *People v. Grajeda* (2025) 111 Cal.App.5th 829. There, the defendant remotely appeared at his resentencing hearing while his attorney appeared in person. (*Id.* at p. 835.) At the beginning of the hearing, the defendant asked for a continuance to allow him to speak with his attorney.

(*Ibid.*) The defendant had attempted to call his attorney before the hearing, but the attorney was unable to answer the calls because the defendant called her while she was driving. (*Ibid.*) The court denied the continuance request. (*Ibid.*) The Court of Appeal held the trial court impaired the defendant's right to communicate with his attorney by refusing to grant a short continuance, or even a brief break. (*Id.* at pp. 833, 839–840.)

Here, in contrast, the record does not show the trial court prevented Madden from communicating with his attorney. As already detailed, the record shows Madden voluntarily absented himself from his resentencing hearing and caused his own failure to meet with his attorney. Accordingly, Madden may not argue on appeal that the court deprived him of his right to consult with his attorney. (See *People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49 [criminal defendants may not invite error and assert it as grounds for reversal on appeal].)

The remainder of the cases Madden cites are also distinguishable because they do not involve continuance requests made so that an absent defendant can meet with their attorney. (See, e.g., *Geders v. United States* (1976) 425 U.S. 80, 91 [reversing order barring the defendant from consulting with his attorney "about anything" during an overnight recess in the trial]; *Armant v. Marquez* (9th Cir. 1985) 772 F.2d 552, 556–557 [reversing order denying a continuance where the defendant was granted the right to represent himself one day before trial and needed additional time to prepare his defense]; *United States v. West* (10th Cir. 1987) 828 F.2d 1468, 1470–1471 [reversing order denying a continuance so that the defendant could present testimony from a witness that someone else struck the fatal blow].)

6

In sum, Madden has not established the trial court abused its discretion in denying his continuance request.

## II. The Trial Court Did Not Deny Madden His Right to a *Franklin* Proceeding

Madden was 18 years old when he committed the offenses. The trial court sentenced Madden to 30 years to life plus three years six months, so he will be entitled to a youth offender parole hearing during his 25th year of incarceration. (§ 3051, subd. (b)(3).)

"A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger . . . at the time of the controlling offense." (§ 3051, subd. (a)(1).) At the youth offender parole hearing, the Board of Parole Hearings "shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

In *Franklin*, *supra*, 63 Cal.4th 261, the California Supreme Court held youthful offenders must be afforded a sufficient opportunity to make a record of information relevant to their eventual youth offender parole hearing. (*Id.* at p. 284.) During these "*Franklin*" proceedings, defendants may place on the record "any documents, evaluations, or testimony (subject to cross-examination) that may be relevant to their eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Ibid.*) Noting that such information is more easily collected at or near the time of the juvenile's offense rather than decades later when memories have

7

faded, records have been lost or destroyed, and/or family and community members may have relocated or passed away (*id.* at pp. 283–284), the Supreme Court remanded the case to allow the defendant "sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing" (*id.* at p. 284).

Madden argues the trial court effectively denied him a *Franklin* proceeding by refusing to continue his resentencing hearing. But Madden did not request a *Franklin* proceeding in his continuance request. In fact, he never requested one in the trial court—even though Madden's initial sentencing took place more than six years after our Supreme Court decided *Franklin*. So, there is no denial of a *Franklin* proceeding for us to review.

In any event, the denial of the continuance request did not prejudice Madden's right to a *Franklin* proceeding because he may request one at any time after his conviction becomes final. (*People v. Doolin* (2009) 45 Cal.4th 390, 450 [a trial court's denial of a continuance request does not warrant reversal unless the appellant establishes error and prejudice].) Our Supreme Court has held that a youthful offender whose conviction and sentence are final may file a motion under section 1203.01 to make a record of youth-related mitigating evidence. (*In re Cook* (2019) 7 Cal.5th 439, 446–447.) Accordingly, we affirm without prejudice to Madden filing a motion for a *Franklin* proceeding under the authority of section 1203.01 and *Cook*.

## III. The Abstract of Judgment Must Be Corrected

Finally, we note two clerical errors in the abstract of judgment's attachment page CR-290(A). First, section 1 incorrectly indicates Madden was sentenced to three months on count 3. Second, section 4 incorrectly shows a total of four years for that page. As previously discussed, the trial court's oral

8

pronouncement of Madden's sentence as to count 3 is three years. We will direct the superior court to correct these errors. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The judgment is affirmed without prejudice to Madden filing a motion for a *Franklin* proceeding in the trial court when his judgment becomes final.

The superior court is directed to amend the abstract of judgment's attachment page CR-290(A)'s sections 1 and 4 to correctly reflect Madden was sentenced to three years on count 3. The court is further directed to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

RICHARDSON, Acting P. J.

WE CONCUR:

GOORVITCH, J.

GILBERT, J.*

---

\* Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.